PAUL CHRISTENSEN, APPELLANT, v. EDWIN A. BOSS ET AL.,
APPELLEES.
138 N. W. 2d 716

Filed December 10, 1965. No. 36009.

Sidner, Gunderson, Svoboda & Schilke, for appellant.

Spear, Lamme & Simmons, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BROWER, J.

Paul Christensen, plaintiff and appellant, brought this action against Edwin A. Boss and Pathfinder Hotel Company, defendants and appellees, in the district court for Dodge County, Nebraska. The defendants each separately appeared specially and challenged the jurisdiction of the court over their respective persons. Each special appearance was sustained by the trial court and the action dismissed.

From an order overruling his motion for a new trial, the plaintiff appeals to this court. The plaintiff does not assign error to the trial court in sustaining the special appearance of Edwin A. Boss and the sole question before us concerns the propriety of the trial court's ruling on the special appearance of the Pathfinder Hotel Company.

Plaintiff's petition alleges he is the owner of the premises on which a hotel, known as the Pathfinder Hotel, is located in Fremont, Nebraska. The action is based on a lease under which the plaintiff through various assignments and extensions asserts the right of lessor and the duties of defendants Edwin A. Boss and Pathfinder Hotel Company are fixed as lessees. Plaintiff alleges the lease required defendants to maintain the leasehold property and the furniture and fixtures thereof in good repair, which provisions were breached by defendants. Plaintiff alleges that in 1958, through false representations of the defendants as to the condition of the premises and responsibility of the third parties named Calder, his consent was obtained to the assignment of the lease to the Calders although the defendants remained liable on the covenants thereof. Defendants had obtained a conditional sales contract on furniture in the hotel from the Calders and defendant Boss claimed some lien thereunder. Plaintiff alleges that 7 months' rent was

in default, and that it was necessary for the court to determine the amount due on the lease and decree it to be a lien on the personal property in the hotel as provided in the plaintiff's lease superior to any lien of the defendants. It alleges the defendant Boss has attempted a dissolution of defendant Pathfinder Hotel Company but the claimed dissolution is ineffective and incomplete. Plaintiff prays for specific performance of the lease contract, for a determination that the dissolution of the defendant company is ineffective to relieve it of its obligation, and of the rent due and the priority of liens, and for the appointment of a receiver.

Plaintiff contends that the court erred in sustaining the special appearance and dismissing the action and that its ruling is contrary to law.

The summons for the Pathfinder Hotel Company dated May 5, 1964, was directed to the sheriff of Dodge County and from the return thereto it purports to have been served by leaving a copy at the last usual place of business of the defendant, no other person designated in section 25-515, R. R. S. 1943, providing for service on dissolved corporations being found in that county.

The special appearance on behalf of the defendant was filed by Donald A. Boss who appeared on behalf of the defendant company and as amicus curiae. It states that the corporation had been dissolved by the Secretary of State on November 17, 1958, and had no legal existence.

The special appearance was supported by an affidavit of Donald A. Boss who was secretary of the defendant Pathfinder Hotel Company, a Nebraska corporation, prior to November 19, 1958, the contents of which are here summarized. It avers that pursuant to a previous contract of sale the personal property in the hotel building owned by the plaintiff and previously operated by the defendant company was turned over to the Calders and the lease on the hotel property assigned to them prior to March 1, 1958. The defendant discontinued doing business in Fremont, Dodge County, Nebraska, prior

to March 1, 1958, and has done no business therein since. The registered office and agent of the defendant was on February 7, 1957, changed from Fremont, Nebraska, to that of the agent of the defendant company John G. Papineau at Omaha, Nebraska, which change was registered in the Secretary of State's office. On November 17, 1958, a certificate of dissolution of the defendant company was filed and recorded in the office of the Secretary of State of Nebraska. A copy of the certificate of the Secretary of State, showing the filing and recording of the dissolution, was attached. The notice of dissolution was published in the Daily Record of Omaha, Nebraska, for 3 consecutive weeks ending December 10, 1958. A copy of the notice which included a statement of assets and liabilities and the names of the persons who would manage the corporation and distribute its assets, with the affidavit of publication by the manager of the paper, is attached. A copy of this notice and affidavit was filed in the office of the county clerk of Douglas County on December 17, 1958, and a like copy with the Secretary of State. On November 3 and 4, 1958, letters were sent to the plaintiff and another who then had an interest in the premises, notifying them of the intended dissolution. At or prior to its dissolution all of the assets of the defendant company were assigned to the Boss Hotel Company, the sole stockholder, a Delaware corporation, which holds any lien rights in the property mentioned by plaintiff. After November 17, 1958, the defendant company did no business in Nebraska.

The procedure to be followed to effect voluntary dissolution of a corporation as it existed at the time under consideration is set out in the original section 21-183, R. R. S. 1943. It sets forth the various steps to be taken and for notice to be given preliminary to holding a meeting of the stockholders of the corporation to vote on a resolution of dissolution submitted to them by the board of directors. It provides that if two-thirds of the stockholders assent in writing to the dissolution, such consent

with the names and residences of the directors and officers and a list of the stockholders shall be filed in the office of the Secretary of State. He, upon being satisfied by due proof that these requirements have been complied with, shall issue a certificate that such consent has been filed and on the issuance of this certificate and proof of publication of the notice required in section 21-1,147, R. R. S. 1943, has been filed, the corporation shall be dissolved.

Section 21-1,147, R. R. S. 1943, provides in part: "Whenever any corporation is dissolved, notice of the dissolution thereof and the terms and conditions of such dissolution and the names of the persons who are to manage the corporate affairs and distribute its assets and their official title, with a statement of the assets and liabilities of the company, shall be published three successive weeks in some legal newspaper of general circulation near the principal place of business of said corporation. Proof of publication of any of the foregoing required notices shall be filed in the office of the county clerk of the county in which the corporation is at that time maintaining its principal place of business in this state, and in the office of the Secretary of State."

In 19 Am. Jur. 2d, Corporations, § 1591, p. 956, that text states: "It is well settled that a corporation may be dissolved by a surrender of its charter with the consent of the sovereignty creating it, and such a dissolution is not invalid as impairing the obligation of the contracts of the corporation with third persons. * * * The surrender of a charter can be made only by some formal, solemn act of the corporation, and will be of no avail until accepted by the government. There must be the same agreement of the parties to dissolve that there was to form the compact. It is the acceptance which gives efficacy to the surrender. Consent of the state is sometimes given by general statute." Cited cases by the text include Shapard v. Lesser, 127 Ark. 590, 193 S. W. 262, 3 A. L. R. 247.

In 16A Fletcher, Cyclopedia Corporations (Perm. Ed.), § 8025, p. 125, it is stated: "Under the statutes in all the states dissolution may be effected by action of the stockholders and without resort to the courts. This is ordinarily done by vote of the required number of stockholders, at a meeting properly called, adopting a resolution favoring the dissolution and later filing the same, or written consent to dissolution, with the proper state officer, whereupon a certificate of dissolution or other required certificate is issued and published, where publication is made necessary by the statute."

Where a corporation has had its charter forfeited and its legal existence terminated by dissolution in law, it is no longer a corporation, either de jure or de facto, and such fact may be shown in any case in which the existence of the corporation is properly in issue, and by private individuals as well as by the state, and such dissolution may be shown in a collateral proceeding. See, 16A Fletcher, Cyclopedia Corporations (Perm. Ed.), § 7973, p. 18; Dobson v. Simonton, 86 N. C. 492; Bonfils v. Hayes, 70 Colo. 336, 201 P. 677; National Bank v. Colby, 88 U. S. 609, 22 L. Ed. 687; 48 Iowa L. Rev. 1006.

At common law a corporation's capacity to sue or be sued terminates when the corporation is legally dissolved. See, 16A Fletcher, Cyclopedia Corporations (Perm. Ed.), § 8142, p. 311; Beasley v. Fox, 173 F. 2d 920; Leiserson & Adler, Inc. v. Keam (Ky.), 266 S. W. 2d 352; In re National Surety Co., 286 N. Y. 216, 36 N. E. 2d 119.

Where a corporation has in fact been dissolved and no longer exists as a legal entity, the rule of its incapacity to sue or be sued applies regardless of the mode of dissolution whether by judicial decree or otherwise. See, 16A Fletcher, Cyclopedia Corporations (Perm. Ed.), § 8142, p. 315; MacAffer v. Boston & Maine R.R. Co., 268 N. Y. 400, 197 N. E. 328. In the absence of statutory provisions to the contrary no action at law can be maintained by or against it as a corporate body or in its corporate name. See, 16A Fletcher, Cyclopedia Corpora-

tions (Perm. Ed.), § 8142, p. 312; Peoria Engraving Co. v. Streator Cold Storage Door Co., 221 Iowa 690, 266 N. W. 548; Garrett v. Pilgrim Mines Co., 47 Idaho 595, 277 P. 567; Meramec Spring Park Co. v. Gibson, 268 Mo. 394, 188 S. W. 179; Pendleton v. Russell, 144 U. S. 640, 12 S. Ct. 743, 36 L. Ed. 574.

By statute in this state, section 21-186, R. R. S. 1943, a corporation's existence is prolonged for 5 years after dissolution for the purpose of prosecuting or defending suits by or against it and of enabling it to wind up its affairs as stated therein. It further provides that as to an action, suit, or proceeding brought before dissolution or within 5 years thereafter, the corporation shall *only* for the purposes of such action, suit, or proceeding be continued beyond the 5-year period. Section 8144, p. 325 of 16A Fletcher, Cyclopedia Corporations (Perm. Ed.), states: "It is generally held, that where a statute continues the existence of a corporation for a certain period after its dissolution for the purpose of prosecuting and defending suits, etc., the corporation becomes defunct upon the expiration of such period, at least in the absence of a provision to the contrary, so that no action can afterwards be brought by or against it, and must be dismissed." Many cases are cited, including Ruthfield v. Louisville Fuel Co., 312 Ill. App. 415, 38 N. E. 2d 832; Boston Tow Boat Co. v. Medford Nat. Bank, 228 Mass. 484, 117 N. E. 928; Maine Shore Line R.R. Co. v. Maine Central R.R. Co., 92 Me. 476, 43 A. 113; and O'Neill v. Continental Illinois Co., 341 Ill. App. 119, 93 N. E. 2d 160. Various decisions of courts exist as to who should raise the question of the nonexistence of a corporation. Some have permitted it to be raised by the corporation itself although this implies its existence for the very purpose of the pleading. Others have admitted such a plea by the persons served or by a corporate officer, a receiver, or by an attorney suggesting it, or by an amicus curiae. See, 9 Fletcher, Cyclopedia Corporations (Perm. Ed.), § 4531, p. 434; First National Bank

v. Colby, *supra;* Kelley v. Mississippi Cent. R. Co., 1 F. 564; Callender v. Painesville & Hudson R.R. Co., 11 Ohio St. 516; Morgan v. New York Nat. Bldg. & Loan Assn., 73 Conn. 151, 46 A. 877; Combes v. Keyes, 89 Wis. 297, 62 N. W. 89, 27 L. R. A. 369, 46 Am. S. R. 839; Thornton v. Marginal Freight Ry. Co., 123 Mass. 32. In the proceeding before us the special appearance was filed by an amicus curiae shown by the affidavit to be its secretary at the time of its dissolution. We think he was a proper person to make such an appearance.

Plaintiff here points out no insufficiency in the certificate of the Secretary of State showing the dissolution. Neither is any issue raised as to the contents of the notice published as to its dissolution. He does contend that the dissolution was not proper because it should have been effected in Dodge County, Nebraska. He contends that this was the last place the corporation had its place of business and that its articles of incorporation so stated and were never lawfully changed in that respect. Because of this he urges the notice of dissolution should have been published in the Fremont papers, under section 21-1,147, R. R. S. 1943, and that the Daily Record of Omaha, Nebraska, was not a newspaper of general circulation near the principal place of business of said corporation. He further maintains the certificate of dissolution and the affidavit of publication of the notice of dissolution should have been filed in the county clerk's office of Dodge County under the last-mentioned section. All of these matters urged by the plaintiff amount to a collateral attack on the dissolution of the corporation by the Secretary of State. In a judicial proceeding the order of dissolution cannot be attacked collaterally on grounds not affecting the jurisdiction of the court to make the decree. See, 19 C. J. S., Corporations, § 1693, p. 1460; 16A Fletcher, Cyclopedia Corporations (Perm. Ed.), § 8017, p. 108; Crossman v. Vivienda Water Co., 150 Cal. 575, 89 P. 335. The force of these authorities may be somewhat blunted in the present case because of the

general rule that a judgment of a court having jurisdiction generally cannot be attacked collaterally, but we think the same rule applies to the dissolution by the Secretary of State. The order or determination of an administrative body acting with jurisdiction and under authority of law is not subject to collateral attack in the absence of fraud or bad faith. See, 73 C. J. S., Public Administrative Bodies and Procedure, § 146, p. 479; In re Application of Hvidsten (N. D.), 72 N. W. 2d 524; State ex rel. Board v. Cole, 215 Ind. 562, 20 N. E. 2d 972; Industrial Commission of Arizona v. J. & J. Const. Co., 72 Ariz. 139, 231 P. 2d 762. In the present case no counter showing was made to that filed in support of the special appearance. Neither does the plaintiff's petition allege fraud in the procurement of the certificate of dissolution but only asserts it was ineffective and incomplete. There appears a dispute as to the last place of business of the corporation. Although mailing notice of dissolution to the plaintiff was not required, the letter mailed of the intention to dissolve it tends to show good faith.

Plaintiff contends that under section 25-511, R. R. S. 1943, provision is made for service upon a corporation after its dissolution. This section only sets forth the method of making service. It in no way purports to extend the period of 5 years limiting the existence of the corporation and the time in which it may bring and defend actions. It is not applicable to the case before us where more than 5 years have elapsed since dissolution.

Plaintiff contends that he should have been mailed notice of the dissolution after it took place by virtue of section 25-520.01, R. R. S. 1943, but that section is limited to actions in any court and with respect to equalization of special assessments or assessing costs of improvements. It, too, has no application.

Plaintiff argues that his petition states a cause of action on a contingent claim arising after the dissolution

and which did not become vested and known until more than 5 years thereafter. Without discussing the nature of the cause of action pleaded in the petition, it is sufficient here to state that section 21-186, R. R. S. 1943, does not distinguish between matured and contingent claims. The section is a limitation on the existence of the corporation itself.

We conclude that the affidavit supporting the special appearance shows the corporate defendant had been legally dissolved more than 5 years previously to the bringing of action and was no longer in existence and could not be sued, and that its dissolution cannot be collaterally attacked in this action. It follows that the trial court properly sustained the special appearance and its judgment should be and is affirmed.

AFFIRMED.