ALICE L. LICHT, APPELLANT, V. ASSOCIATION SERVICES, INC., A NEBRASKA CORPORATION, ET AL., APPELLEES.
463 N.W.2d 566

Filed November 30, 1990.   No. 88-861.

Donald B. Stenberg, of Stenberg Law Offices, for appellant.

Rick L. Williams, of Peterson Nelson Johanns Morris & Holdeman, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Plaintiff-appellant, Alice L. Licht, seeks to recover damages from her former corporate employer, defendant-appellee Association Services, Inc., and from defendants-appellees Bob Patterson and Alan Croson, cotrustees of a fund the corporation established for the postdissolution adjustment of claims against it. More specifically, Licht seeks to recover for accrued but unused vacation pay and for services rendered at the request of the corporation and cotrustees in winding up the corporation's affairs. The corporation filed a motion for summary judgment seeking dismissal of Licht's suit, Licht filed a motion for summary judgment against all defendants, and the cotrustees each filed a general demurrer. The district court denied Licht's motion, granted the corporation's motion, and dismissed Licht's petition as to all defendants without ruling on the demurrers filed by the cotrustees. Licht asserts the district court erred in (1) sustaining the corporation's motion, thereby dismissing her suit against it, (2) overruling her motion, and (3) dismissing her action against the cotrustees. We affirm in part, and in part reverse and remand for further proceedings.

The corporation, which Licht had served as executive vice president, apparently filed its statement of intent to dissolve with the Secretary of State in early October 1985. On April 4, 1986, the corporation filed articles of dissolution with the Secretary of State, who in turn issued a certificate dated the same day reciting that such articles had been filed with his office. Neb. Rev. Stat. § 21-20,104 (Reissue 1987) reads, in relevant part:

> The dissolution of a corporation . . . by the issuance of a certificate of dissolution by the Secretary of State . . . shall not take away or impair any remedy available to or against such corporation . . . for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.

Licht filed her petition on Tuesday, April 5, 1988.

Concluding that Licht filed her petition 1 day after the survival period of § 21-20,104 had expired, the district court granted the corporation's motion for summary judgment. Licht

presents several challenges to the dismissal of her suit: first, that the corporation did not comply with the statutory requirements for dissolution and was therefore never dissolved; second, that the document which the district court concluded is a certificate of dissolution is not such a certificate; third, that the survival period ended on April 5 rather than April 4, 1988; fourth, that the district court failed to rule on whether the corporation "waived or extended its date of dissolution" by establishing the trust and providing that it remain in existence for 2 years 1 day after the filing of the corporation's articles of dissolution; and fifth, that the district court failed to rule on whether the submission of one or more of her claims with the corporation constituted commencement of an action or proceeding within the meaning of the survival statute.

The statutory provisions which Licht asserts the corporation failed to follow are Neb. Rev. Stat. §§ 21-2086 and 21-20,125 (Reissue 1987). Section 21-2086(1) requires that a corporation mail to known creditors notice that the corporation has filed and recorded its "statement of intent to dissolve" with the Secretary of State and the appropriate county clerk's office. The relevant portion of § 21-20,125 requires the corporation to publish notice of its statement of intent to dissolve. The corporation is required to file proof of publication of this notice with the Secretary of State and with the county clerk of the county in which the registered office of the corporation is located.

Licht has stated that, to the best of her knowledge, no notice was ever mailed to her. Neither the corporation nor the cotrustees have disputed this claim. There is no evidence that notice of the filing of the statement was ever published, and the Secretary of State has certified that no proof of publication was ever filed with his office.

Licht was, however, aware the corporation was dissolving, since she worked on the dissolution before October 1985 and continued to work on it through early March 1986. Indeed, as noted earlier, one of her claims is based upon services rendered in preparing the corporation for dissolution. The question before us, therefore, is: What is the effect of the corporation's failure to follow the notice procedures set out in §§ 21-2086 and

21-20,125 upon a claim filed by a party involved in the dissolution of the corporation? Licht proposes that this failure means the corporation did not fulfill all the prerequisites to dissolution and therefore was never legally dissolved. The corporation and cotrustees, on the other hand, contend that since Licht was already aware of the dissolution, she was not prejudiced by the corporation's inaction, and the failure to give notice should not defeat dissolution.

The question is one of first impression for this court. Other jurisdictions have held that the failure to comply with all of the provisions of the relevant corporate dissolution statutes voids the dissolution as to creditors whose rights have been prejudiced thereby. See, *Alpine Prop. Owners v. Mountaintop Dev.*, 365 S.E.2d 57 (W. Va. 1987); *DSS v. Winyah Nursing Homes, Inc.*, 282 S.C. 556, 320 S.E.2d 464 (1984). See, also, *Bonsall v. Piggly Wiggly Helms, Inc.*, 275 S.C. 593, 274 S.E.2d 298 (1981); 16A W. Fletcher, Cyclopedia of the Law of Private Corporations § 8007.1 (Supp. 1990). Although these courts were not faced with unprejudiced creditors, the clear implication is that the dissolution would be valid as against them.

The alternative approach championed by Licht is to void the dissolution in its entirety. She points to no cases from this or any other court adopting this approach but, rather, points to what she asserts is the main purpose of the dissolution statutes, the protection of creditors. The approach adopted in *Alpine Prop. Owners* and the other decisions cited above assures that creditors whose rights have been prejudiced by the corporation's failure to give notice will be protected; it thus satisfies the policy concern raised by Licht without voiding nonprejudicial dissolutions.

The notice which § 21-2086 requires be mailed to known creditors is notice that the corporation has filed and recorded a statement of intent to dissolve. Clearly, this notice is intended to inform the creditor that the corporation has begun the process of dissolution, so that the creditor can act on its claim before the survival period runs. Surely, Licht's involvement provided her with more detailed and current knowledge of the corporation's status than that which she would have gained had she received

only a notice of the October 1985 filing of the corporation's intent to dissolve.

Section 21-20,125 requires that the corporation publish notice of its dissolution, thus giving constructive notice of the dissolution to unknown creditors and to the world at large. Obviously, a party's actual knowledge of a fact fulfills the purpose of a statutory requirement that constructive notice be given of that fact. See *Universal C. I. T. Credit Corp. v. Vogt*, 165 Neb. 611, 86 N.W.2d 771 (1957). Under the circumstances, Licht's rights could not have been prejudiced by the corporation's failure to publish notice. Indeed, we note that Licht has framed her challenge in terms of the corporation's failure to meet a condition precedent to dissolution, rather than upon any claim of prejudice, and that she offered no evidence of having been prejudiced.

Because Licht had actual knowledge that the corporation was undergoing dissolution, her claim that the corporation's failure to mail and publish notice prevented its dissolution must be, and hereby is, rejected.

Licht next asserts that the document issued by the Secretary of State when the corporation filed its articles of dissolution is not, in law and fact, a certificate of dissolution as provided for in Neb. Rev. Stat. § 21-2092 (Reissue 1987) of the Nebraska Business Corporation Act. She contends that the document merely certifies that articles of dissolution were filed. However, an affidavit by the Secretary of State identifies the document as a certificate of dissolution. While this affidavit does not answer whether the certificate is sufficient as a matter of law to trigger the running of the survival period set forth in § 21-20,104, it does, since it is not rebutted, resolve the factual question as to whether the document was meant to serve as a certificate of dissolution.

As to the legal sufficiency of the document, § 21-2092 provides our only guidance. It sets out the following procedure by which a certificate of dissolution is issued:

> The original and a duplicate copy of such articles of dissolution shall be delivered to the Secretary of State, who shall, when all fees provided by law shall have been paid:

(1) File the original in his office;

(2) Return to the corporation or its representative the duplicate copy stamped with the date of filing in the office of the Secretary of State; and

(3) Issue a certificate of dissolution.

Nothing in the statutory scheme sets forth any requirements as to the form or contents of the certificate of dissolution. Given that the Secretary of State is required to issue the certificate upon the filing of articles of dissolution and the payment of the required fees, there is little reason to draw a distinction between a document which certifies that articles of dissolution were filed and a certificate of dissolution, particularly when the issuer did not intend to draw any such distinction. Accordingly, the district court did not err in its conclusion that the document in question, under the circumstances of this case, is a certificate of dissolution for the purpose of triggering the period of survival. Whether the dissolution is subject to being voided with respect to creditors who did not otherwise have notice is, as suggested earlier, a different question.

Licht next contends that the district court erred in computing when the survival period ended, claiming that "[t]wo years after April 4, 1986 is April 5, 1988—the date the Petition was filed herein." Brief for appellant at 36. She, however, ignores Neb. Rev. Stat. § 25-2221 (Reissue 1989), which provides the general rule for computing the passage of time. Thereunder,

the period of time within which an act is to be done in any action or proceeding shall be computed by excluding the day of the act, event, or default after which the designated period of time begins to run. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a day during which the offices of courts of record may be legally closed . . . .

In application, when the period is given in terms of months or years, the last day of the period is the appropriate anniversary of the triggering act or event, unless that anniversary falls on a Saturday, Sunday, or court holiday. Applied to the facts before us, this means that, as the district court determined, the statutory survival period expired April 4, 1988. See, *State v. Hayden*, 233 Neb. 211, 444 N.W.2d 317

(1989); *State v. Jones,* 208 Neb. 641, 305 N.W.2d 355 (1981). Cf. *State v. Oldfield, ante* p. 433, 461 N.W.2d 554 (1990) (applying *State v. Jones*).

Licht also claims that the corporation waived or extended its date of dissolution by establishing the trust with a life extending 2 years 1 day after the filing of the articles of dissolution. It is unclear exactly what she means by this, for corporate existence ceases upon filing and recording the articles of dissolution, and the date of dissolution of a corporation is the date the certificate of dissolution is issued. See §§ 21-2092 and 21-20,104. If Licht is asserting that the corporation was unaffected by the issuance of the certificate of dissolution or that establishing the trust somehow postponed the effect of the issuance of the certificate, she is arguing against the language of §§ 21-2092 and 21-20,104. If, on the other hand, she is contending that the corporation's actions waived the 2-year period contained in § 21-20,104, her position requires further scrutiny.

Waiver is the voluntary and intentional relinquishment or abandonment of a known existing legal right, or conduct from which such a relinquishment can be inferred. *Donaldson v. Farm Bureau Life Ins. Co.,* 232 Neb. 140, 440 N.W.2d 187 (1989); *Farmers State Bank v. Farmland Foods,* 225 Neb. 1, 402 N.W.2d 277 (1987). Section 21-20,104 is a survival statute, not a statute of limitations, and, as such, gives life to claims which would otherwise be extinguished. *Van Pelt v. Greathouse,* 219 Neb. 478, 364 N.W.2d 14 (1985). Absent the survival statute, a dissolved corporation could not sue or be sued. *Id.*; *Christensen v. Boss,* 179 Neb. 429, 138 N.W.2d 716 (1965). Therefore, the rights created by the statute are the right of the corporation to sue during the survival period and the right of others to sue the corporation during that same period. The only right available to the corporation to waive is its own right to sue. Since any waiver of this right would not extend the survival period of another's right to sue, it could not help Licht.

Licht next cites Neb. Rev. Stat. § 21-20,135 (Reissue 1987) to support her proposition that "[a] corporation may voluntarily extend the date of its dissolution." Brief for appellant at 28. The portion of the statute Licht relies upon creates a procedure for, in specified circumstances, the "extension, restoration, renewal

or revival" of a corporation's existence "before the expiration of the time limited for its existence." The statute does not, however, come into play, for even if the statute otherwise applies to the circumstances of this present case, a matter we need not and do not decide, there is no evidence that the corporation filed with the Secretary of State the certificate required by a portion of the statute to which Licht does not refer.

Finally, in regard to the corporation's motion, Licht asserts that notwithstanding her failure to file her petition until April 5, 1988, she nonetheless commenced an "action or other proceeding" within the meaning of § 21-20,104 by filing a claim with the corporation before the survival period had run. To support her position, she cites *Connors v. Darryll Waggle Const. Inc.*, 631 F. Supp. 1188 (D.C. 1986). *Connors* involved an action brought under the federal Employee Retirement Income Security Act of 1974 against a dissolved corporation. The court found that the plaintiff's notice and demand for payment constituted a commencement of action or other proceeding for the purposes of an Illinois survival statute essentially identical to § 21-20,104. *Connors*, however, is inapplicable, for in that case the notice and demand for payment was the first step in a claim resolution procedure required by the federal act and, as such, clearly constituted the commencement of a proceeding; in the case before us, Licht's notice to the corporation is not required by nor part of any statutory or contractual procedure. Neb. Rev. Stat. § 25-217 (Reissue 1989) tells us that an action is commenced on the date the petition is filed with the court.

A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact or as to the ultimate inferences which may be drawn from the material facts and the moving party is entitled to judgment as a matter of law. *Mason State Bank v. Sekutera, ante* p. 361, 461 N.W.2d 517 (1990). The foregoing determinations compel the conclusion that insofar as the corporation's motion is concerned, there exists no genuine issue as to any material fact or as to the ultimate inferences which may be drawn therefrom and that it is

entitled to judgment as a matter of law. It therefore necessarily follows that the district court did not err in sustaining the corporation's motion for summary judgment, thereby dismissing Licht's suit against it.

The second assignment of error, claiming the district court erred in overruling Licht's motion for summary judgment, is controlled by the rule that although the denial of such a motion is not a final order and thus not appealable, when adverse parties have moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over all the motions for summary judgment and may determine the controversy which is the subject of those motions, making an order specifying the facts that appear without substantial controversy and directing such further proceedings as it deems just. See *Mason State Bank v. Sekutera, supra.*

The determination that the corporation is entitled to summary judgment necessarily means that the district court did not err in overruling Licht's motion for summary judgment against the corporation.

Left for consideration is the third and final assignment of error, which questions the propriety of the district court's dismissal of Licht's suit against the cotrustees. Licht urges that action was erroneous because the cotrustees were not parties to the corporation's motion for summary judgment and because different factual and legal issues are implicated. She is correct.

Since the cotrustees did not file a motion for summary judgment against Licht, the overruling of her motion as to them is not a final order, and we are therefore without jurisdiction to review that ruling.

The matter pends against the cotrustees on unresolved demurrers. Thus, whether the expiration of the survival period prevents her from stating a cause of action against the cotrustees derived from claims against the corporation, or whether she has otherwise stated a cause of action against them based on their own independent acts, are questions not yet ripe for appellate review. See *Koll v. Stanton-Pilger Drainage Dist.*, 207 Neb. 425, 299 N.W.2d 435 (1980).

Accordingly, we affirm the district court's grant of the

corporation's motion for summary judgment, reverse its dismissal of the suit against the cotrustees, and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.