529 N.W.2d 745 (1995)
247 Neb. 655
Douglas J. LEWIS, Appellant,
v.
BOARD OF COMMISSIONERS OF LOUP COUNTY, Nebraska, and Tom McNeil et al., Constituting the Members of Said Board, Appellees.
No. S-93-377.
Supreme Court of Nebraska.
March 31, 1995.
*746 John A. Wolf and, on brief, Donald R. Janousek, for appellant.
Gregory G. Jensen, for appellees.
WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.
FAHRNBRUCH, Justice.
Douglas J. Lewis filed a writ of mandamus in the district court for Loup County to compel the board of commissioners of Loup County and its members (Board) to provide public access to real estate Lewis owns and claims is isolated. Lewis appeals the district court's decision granting summary judgment in favor of the Board.
We reverse the action of the district court in entering summary judgment in favor of the Board.

STANDARD OF REVIEW
In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Huntwork v. Voss, 247 Neb. 184, 525 N.W.2d 632 (1995); New Light Co. v. Wells Fargo Alarm Servs., 247 Neb. 57, 525 N.W.2d 25 (1994). Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose *747 that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Huntwork, supra; New Light Co., supra.

FACTS
When we view the evidence in the light most favorable to Lewis and give Lewis the benefit of all reasonable inferences deducible from the evidence, the undisputed facts of the case are as follows:
In September 1948, Lewis and his wife purchased real estate in the northeast quarter of Section 21, Township 22 North, Range 17 West of the 6th P.M., in Loup County, Nebraska, together with other real estate.
In June 1986, the couple subdivided some of their land into 15 numbered lots and an outlot. The Lewises filed for record a plat and dedication of the lots in a subdivision called Beverly Hills.
At all times relevant herein, a diagonal county road traversed the northeast corner of the northeast quarter of Section 21. The legal description of the plat and dedication of the Beverly Hills Subdivision reveals that the northeast corner of the subdivision abuts the county road right-of-way line for a distance of 314.4 feet. The plat and dedication further reveals that a 60-foot stretch of the 314.4 feet abutting the county road right-of-way provides access to Beverly Hills via the subdivision's Sunset Drive.
Lewis and his wife sold and conveyed various lots in the subdivision to others, but retained ownership of several lots. Some of the lots still owned by Lewis and his wife abut the adjoining land which he claims is isolated from public access.
On August 12, 1992, Lewis filed a petition and affidavit with the Board claiming that his land was isolated and requesting that the Board provide public access to the property. After a hearing on September 9, the Board apparently denied this request.
On November 16, 1992, Lewis filed a petition for a writ of mandamus in the district court. In the prayer of his petition, Lewis asked the district court to order the Board to lay out a public road and proceed to provide public access to the land he claimed was isolated. After substantial discovery, the Board moved for a summary judgment which was denied by the district court. However, the district court granted a supplemental motion for summary judgment filed by the Board.
In entering summary judgment in favor of the Board, the district court found that (1) article 8 of the subdivision's declaration of covenants expressly provided Lewis the right to use Sunset Drive to access the property he claimed was isolated from an existing public road; (2) the outlot (Sunset Drive) was 60 feet wide and could be used by Lewis to access an existing public road; (3) Lewis failed to satisfy the requirements of Neb. Rev.Stat. § 39-1713(2) and (3) (Reissue 1978); and (4) no genuine issue concerning any material fact existed. Lewis appeals this decision.
Pursuant to our authority to regulate the caseloads of the appellate courts, this appeal was removed from the Nebraska Court of Appeals' docket to this court's docket.

ASSIGNMENTS OF ERROR
Summarized and restated, Lewis claims that the district court erred in: (1) finding that article 8 of the declaration provides access to his property; (2) granting summary judgment based upon the terms of a written contract, the terms of which are ambiguous; (3) finding that Lewis failed to satisfy the requirements of § 39-1713(2) and (3); and (4) granting summary judgment in favor of the Board.

ANALYSIS
We turn immediately to Lewis' fourth assignment of error, as it is dispositive of the appeal. Lewis claims that the district court erred in granting summary judgment in favor of the Board. We must determine if there exists any material issue of fact.
Lewis' right to obtain access in the form of a public road for his allegedly isolated real estate is governed by Neb.Rev.Stat. *748 §§ 39-1713, 39-1714, and 39-1716 (Reissue 1993), the law existing when Lewis and his wife created and recorded the Beverly Hills Subdivision.
Section 39-1713 provides that
[w]hen any person shall present to the county board an affidavit satisfying it (1) that he or she is the owner of the real estate described therein located within the county, (2) that such real estate is shut out from all public access, other than a waterway, by being surrounded on all sides by real estate belonging to other persons, or by such real estate and by water, (3) that he or she is unable to purchase from any of such persons the right-of-way over or through the same to a public road or that it cannot be purchased except at an exorbitant price, stating the lowest price for which the same can be purchased by him or her, and (4) asking that a public access be provided in accordance with section 39-1716, the county board shall appoint a time and place for hearing the matter....
Section 39-1714 provides that whenever the county board finds that such conditions set forth in § 39-1713 are present and, instead of being entirely shut off from all public roads, that the owner has access to any public road only by an established private road less than 2 rods in width, the county board is required, upon the filing of an affidavit or affidavit and petition, to hold a hearing on the matter.
Section 39-1716 requires the board to proceed to provide public access when it finds
(1) that the conditions set forth in section 39-1713 or 39-1714 exist, (2) that the isolated land was not isolated at the time it was purchased by the owner, (3) that the isolation of the land was not caused by the owner or by any other person with the knowledge and consent of the owner, and (4) that access is necessary for existing utilization of the isolated land....
Section 39-1716 also provides that the county board may lay out a public road of not more than 4 nor less than 2 rods in width to the isolated real estate, if it finds that the amount of use and the number of persons served warrants such action.
Lewis stated in his petition and affidavit and his responses to the Board's request for admissions and interrogatories that he does not have public access to his real estate and that his real estate is surrounded on all sides by real estate belonging to other persons. Lewis also denied that his property adjoins a county road for a distance of 314.4 feet. Lewis further stated in his affidavit in opposition of the Board's motion for summary judgment that his real estate is isolated and in the alternative that the only access to the county road available to him is by an established private road less than 2 rods in width.
The Board submitted an affidavit of Richard C. Johnson, a certified engineer licensed in the State of Nebraska, in support of its supplemental motion for summary judgment. Johnson stated that based on his inspection of the property and research of the public records of Loup County, there is public access to Lewis' real estate. Johnson stated that a county road abuts 314 feet of Lewis' property and that he observed a driveway from the county road into the premises.
The affidavits of Lewis and Johnson create a genuine issue as to whether Lewis' real estate is isolated. Accordingly, the Board is not entitled to a judgment as a matter of law. This being dispositive of the appeal, Lewis' remaining assignments of error will not be discussed.

CONCLUSION
For the reasons stated herein, we reverse the district court's order of summary judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.