DOROTHY KEEFE, APPELLANT, V. GLASFORD'S ENTERPRISES, INC., A NEBRASKA CORPORATION, DOING BUSINESS AS CLUB 89, APPELLEE.

532 N.W.2d 626

Filed May 26, 1995.   No. S-93-797.

Michael J. Poepsel for appellant.

Lane D. Edenburn and Thomas J. Culhane, of Erickson & Sederstrom, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WRIGHT, J.

In this case, we address the application of Neb. Rev. Stat. § 21-20,104 (Reissue 1991), which concerns the survival of actions against a corporation following the dissolution of the corporation. In 1992, Dorothy Keefe brought a negligence action against Glasford's Enterprises, Inc. (Glasford's), a corporation which operated Club 89 in Omaha. Glasford's was dissolved as a corporation in 1989. The district court sustained Glasford's motion for summary judgment and dismissed the petition. Keefe appeals.

## SCOPE OF REVIEW

In appellate review of a summary judgment, a court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Vervaecke v. State*, 247 Neb. 707, 529 N.W.2d 779 (1995); *Lewis v. Board of Comrs. of Loup Cty.*, 247 Neb. 655, 529 N.W.2d 745 (1995).

## FACTS

On February 14, 1992, Keefe filed a petition against Glasford's and Dick Glasford, individually, alleging that she

was injured as she left Club 89 on February 16, 1988. In a second amended petition, filed on July 15, 1992, only Glasford's was named as a defendant. Keefe stated that on or about February 16, 1988, she tripped and fell on a 1½-inch gap in the sidewalk of the club and that she sustained injuries to her knee and ankle. Keefe alleged that Glasford's was negligent in maintaining the premises in failing to maintain a smooth walking surface, in failing to repair the crack in the sidewalk, and in failing to properly warn of the dangerous condition.

In its answer, Glasford's admitted that on February 16, 1988, it was the owner of the premises, but it alleged that Glasford's had been dissolved for nonpayment of taxes on April 16, 1989. Glasford's affirmatively alleged that Keefe's petition was barred by the "statute of limitations" in § 21-20,104 because the petition was not filed within 2 years of the date of the corporate dissolution of Glasford's.

Glasford's filed a motion for summary judgment on June 28, 1993, attaching a copy of the summons, which was dated February 14, 1992, as well as the dissolution certification issued by the Secretary of State. The certificate states that Glasford's was dissolved for nonpayment of taxes on April 16, 1989, and that no documentation had been filed to revive Glasford's. The motion for summary judgment was sustained on August 18, 1993.

## ASSIGNMENT OF ERROR

Keefe argues that the district court erred in granting summary judgment because § 21-20,104 was not intended to be used to bar tort cases such as the instant action.

## ANALYSIS

At issue in this case is the interpretation of § 21-20,104, which states:

> The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, (2) by a decree of court when the court has not liquidated the assets and business of the corporation as provided in sections 21-2001 to 21-20,134, or (3) by expiration of its period of duration, shall not take away or impair any remedy available. to or against such

corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution *if action or other proceeding thereon is commenced within two years after the date of such dissolution.* Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of two years so as to extend its period of duration, and such amendment shall be deemed to relate back to such date of dissolution for all purposes. (Emphasis supplied.)

Keefe argues that this statute was not intended or contemplated to be used to bar a tort claim such as hers. However, she provides no case law to support this position. Nor does she offer the legislative history of the statute.

In previous cases, we have analyzed § 21-20,104 and held that it is a survival statute, rather than a statute of limitations. In *Licht v. Association Servs., Inc.*, 236 Neb. 616, 463 N.W.2d 566 (1990), an employee sought to recover for accrued vacation pay and for services rendered in winding up the affairs of her former corporate employer. The articles of dissolution were filed with the Secretary of State on April 4, 1986, and on the same day the Secretary of State issued a certificate reciting that the articles had been filed with his office. The appellant's petition was filed on April 5, 1988. We stated:

Section 21-20,104 is a survival statute, not a statute of limitations, and, as such, gives life to claims which would otherwise be extinguished. *Van Pelt v. Greathouse*, 219 Neb. 478, 364 N.W.2d 14 (1985). Absent the survival statute, a dissolved corporation could not sue or be sued. *Id.*; *Christensen v. Boss*, 179 Neb. 429, 138 N.W.2d 716 (1965). Therefore, the rights created by the statute are the right of the corporation to sue during the survival period and the right of others to sue the corporation during that same period.

*Licht*, 236 Neb. at 623, 463 N.W.2d at 571. We affirmed the district court's award of summary judgment on issues related to § 21-20,104.

We delineated the differences between a statute of limitations and a survival statute in *Van Pelt v. Greathouse*, 219 Neb. 478, 484, 364 N.W.2d 14, 19 (1985), in which we stated:

> If § 21-20,104 is a survival statute rather than one of limitations, not even equity could estop its application. For, while a statute of limitations is a period of repose designed, if asserted, to prevent recovery on stale claims, a survival statute gives life to a substantive right that but for the statute would have been destroyed. *S.I.D. No. 32 v. Continental Western Corp.*, 215 Neb. 843, 343 N.W.2d 314 (1983); *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913 (1982); *Vielehr v. Malone*, 158 Neb. 436, 63 N.W.2d 497 (1954); *Canadian Ace Brewing v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183 (7th Cir. 1980).

Unless a statute provides otherwise, no law action can be maintained by or against a dissolved corporation in its corporate name. *Van Pelt, supra.* If a statute provides that a corporation may be continued for a certain period in order to defend or prosecute suits, no law action can be maintained by or against it after that period expires. "In other words, while a statute of limitations relates to the remedy only and not to substantive rights . . . a survival statute operates on the right or claim itself." *Id.* at 486, 364 N.W.2d at 20, citing *Denver Wood Products Co. v. Frye*, 202 Neb. 286, 275 N.W.2d 67 (1979). Although Keefe had 4 years under the tort statute of limitations in which to seek a remedy, the survival statute limited her substantive right to recover from Glasford's to a 2-year period following Glasford's dissolution. Without the survival statute, her claim would have expired immediately upon Glasford's dissolution.

In the case at bar, Keefe filed her negligence action within the 4-year statute of limitations for tort actions, but not within the 2-year period provided by the survival statute. The survival statute provides a period of grace that extends the right to sue a dissolved corporation beyond the life of the corporation. As

we stated in *Christensen v. Boss*, 179 Neb. 429, 435, 138 N.W.2d 716, 720 (1965):

At common law a corporation's capacity to sue or be sued terminates when the corporation is legally dissolved. . . .

Where a corporation has in fact been dissolved and no longer exists as a legal entity, the rule of its incapacity to sue or be sued applies regardless of the mode of dissolution whether by judicial decree or otherwise.

In *Christensen*, an affidavit supporting a special appearance showed that the corporate defendant had been legally dissolved more than 5 years prior to the institution of the action. The corporation was therefore no longer in existence and could not be sued. We held that the dissolution could not be collaterally attacked.

Keefe argues that these cases are factually divergent because they concerned actions by shareholders or former employees and were not tort actions. However, in *Farmers Union Co-op Assn. v. Mid-States Constr. Co.*, 212 Neb. 147, 322 N.W.2d 373 (1982), one of the theories of recovery was negligent construction. Mid-States had been dissolved by the Secretary of State for nonpayment of taxes on August 3, 1970, and had not been revived. On January 3, 1979, Co-op filed suit against Mid-States for damages to a portion of an elevator which Mid-States had constructed. Although we noted that a number of states have held that a corporation whose charter is revoked for nonpayment of taxes is a de facto corporation and continues legal existence during the forfeiture period, we stated that "a corporation is a creature of the Legislature. Any change in substantive law relating to the status of such a dissolved corporation is particularly within its domain." *Id.* at 152, 322 N.W.2d at 376. We found that the petition was properly dismissed against Mid-States, since the corporation was dissolved 9 years prior to the filing of the action. *Mid-States Constr. Co.* is applicable to the case at bar.

The present case was decided on the basis of a motion for summary judgment. Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as

to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Vervaecke v. State*, 247 Neb. 707, 529 N.W.2d 779 (1995); *Lewis v. Board of Comrs. of Loup Cty.*, 247 Neb. 655, 529 N.W.2d 745 (1995). We are reminded that a party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Medley v. Davis*, 247 Neb. 611, 529 N.W.2d 58 (1995); *Rath v. Selection Research, Inc.*, 246 Neb. 340, 519 N.W.2d 503 (1994). Glasford's met that burden in this case.

Once Glasford's filed its motion for summary judgment and supporting documents, which showed that Glasford's was entitled to judgment as a matter of law, the burden shifted to Keefe to present evidence showing an issue of material fact which prevented a judgment as a matter of law for the moving party. See, *Roubideaux v. Davenport*, 247 Neb. 746, 530 N.W.2d 232 (1995); *Jim's, Inc. v. Willman*, 247 Neb. 430, 527 N.W.2d 626 (1995). A movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to a judgment if the evidence were uncontroverted at trial. At that point, the burden of producing evidence shifts to the party opposing the motion. *Medley, supra.* We find that Keefe has not met that burden.

At the hearing on the motion for summary judgment, Glasford's offered into evidence the summons and the certificate of dissolution. Keefe offered no evidence. On appeal, she argues that an insurance policy, which provided coverage for negligence claims, should be viewed as a corporate asset which was not distributed at the dissolution of Glasford's and that the dissolution is incomplete because the policy was not distributed. Yet, there is no evidence in the record of the insurance policy.

Keefe also argues that the dissolution is inapplicable to her because of lack of proper notice. She claims that she was not a creditor per se and would not have been eligible for written notification of the pending dissolution. However, the record contains no evidence that Keefe notified Glasford's of her negligence claim prior to its dissolution. Nor is there evidence

that Glasford's failed to notify her of its dissolution. The record simply has no evidence to support the burden Keefe must meet in order to avoid summary judgment.

## CONCLUSION

In our appellate review of summary judgment, the evidence must be viewed in a light most favorable to the party against whom the judgment is granted, and we must give such party the benefit of all reasonable inferences deducible from the evidence. *Union Ins. Co. v. Land and Sky, Inc.*, 247 Neb. 696, 529 N.W.2d 773 (1995); *Maloley v. Shearson Lehman Hutton, Inc.*, 246 Neb. 701, 523 N.W.2d 27 (1994). Viewing the evidence in a light most favorable to Keefe, we find that Glasford's was dissolved on April 16, 1989, and that Keefe did not file her action until February 14, 1992, more than 2 years after the dissolution. Under § 21-20,104, her action is barred. The district court was correct in awarding summary judgment to Glasford's, the dissolved corporation, which is entitled to judgment as a matter of law. The judgment of the district court is affirmed.

AFFIRMED.