STEVE WASHA, APPELLANT, V. JAMES P. MILLER, APPELLEE.
LARRY MARTIN, APPELLANT, V. JAMES P. MILLER, APPELLEE.
546 N.W.2d 813

Filed May 3, 1996.   Nos. S-94-407, S-94-408.

Mark Quandahl, of Brumbaugh & Quandahl, P.C., for appellants.

James H. Monahan for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

The appellants, Larry Martin and Steve Washa, brought separate suits against the appellee, attorney James P. Miller, seeking to recover $10,000 ($5,000 each) they allegedly entrusted to Miller. The district court for Douglas County consolidated the cases, and the cases have also been consolidated in this court for briefing and oral argument. Counts I through IV of Washa's petition and Miller's amended petition asserted causes of action sounding in negligence (count I), unjust enrichment (count II), misrepresentation (count III), and breach of contract (count IV). Miller answered the petitions with a general denial and filed a motion for summary judgment. The district court for Douglas County sustained Miller's motion

and dismissed the appellants' petitions. Martin and Washa appeal.

We conclude there is no genuine issue as to any material fact on any of the counts asserted in the appellants' petitions, and thus, Miller is entitled to judgment as a matter of law. We therefore affirm.

## I. BACKGROUND

Miller is an attorney who was hired by the appellants to defend them on felony assault and extortion charges in Douglas County, Nebraska. At the time Miller was hired, the appellants paid a $5,000 fee ($2,500 each) to retain his services. While the criminal charges were pending, the appellants transferred an additional $10,000 ($5,000 each) to Miller. Eventually, the appellants pled no contest to the charges, pursuant to a plea agreement, and Miller retained the $10,000.

The appellants brought suit against Miller, seeking to recover the $10,000. The district court consolidated the cases. Washa's petition and Martin's amended petition are identical. The appellants alleged in their petitions that the $10,000 was given to Miller in trust to be offered as restitution to the victim of the criminal case in an attempt to have the charges dismissed. While the petitions are not a model of clarity, we read counts I through IV to allege causes of action sounding in negligence, unjust enrichment, misrepresentation, and breach of contract.

More specifically, count I alleges in pertinent part that Miller's failure

(a) to inform [the appellants] that restitution in criminal cases was not available as a defense, and (b) to properly inform [the appellants] of all consequences of [their] guilty pleas, and (c) to return the $10,000.00 given to [Miller] for restitution, was a breach of [Miller's] duty to exercise reasonable care, skill, and diligence.

Count II alleges in pertinent part that

$2[,]500.00 [each] was not a fair and reasonable price for the services provided by [Miller] and that $5,000.00 [each] was given to [Miller] to be held in trust for the benefit of [the appellants].

. . . [Miller] would be unjustly enriched at the expense of [the appellants] if said [$5,000] fee and [$10,000], given to Miller in trust for restitution, [are] retained by [Miller].

Count III alleges in pertinent part that the "representations of [Miller], when made, were false or were made recklessly without knowledge of the truth or falsity and as a positive assertion."

Count IV alleges in pertinent part that "[o]n or about September 18, 1991, for good and valuable consideration . . . Miller orally agreed to return $12,500.00 to [the appellants] and to sign a promissory note for prompt repayment of the same."

Miller answered the petitions with a general denial and filed a motion for summary judgment.

### 1. NSBA's Disciplinary Investigation

Before the hearing on Miller's motion for summary judgment was conducted, the appellants filed a disciplinary complaint against Miller with the Nebraska State Bar Association (NSBA). Dennis G. Carlson, Counsel for Discipline for the NSBA, investigated the complaint and concluded, in a letter sent to the appellants' attorney, that no disciplinary action should be taken against Miller. Carlson's letter stated that he "carefully considered this issue and determined that . . . [d]ue to the lack of documentation or other supporting evidence, the true purpose of the advanced $10,000 cannot be proven."

### 2. Miller's Exhibits

On March 3, 1994, the hearing on Miller's motion for summary judgment was conducted. At the hearing, Miller offered three exhibits into evidence. Exhibit 1 is a sworn affidavit prepared by Miller. Exhibit 2 is Carlson's letter to the appellants' attorney discussing the findings of Carlson's disciplinary investigation. Exhibit 3 is a transcript of the criminal proceedings against the appellants in Douglas County District Court.

Exhibit 1, Miller's affidavit, contains the following declarations of fact:

1. He is a licensed practicing attorney in Omaha,Douglas [sic] County, Nebraska.

2. He was retained by Larry Martin and Steve Washa to represent both of them on pending criminal charges in Omaha, Douglas County, Nebraska.

3. That the agreement required a $2,500.00 retainer from each of them *with an additional payment of $10,000.00 to [be] paid after arraignment for conclusion of their cases.* (Emphasis supplied.)

[4]. That a complete hearing was had before Judge James A. Buckley with both defendants present in which they testified, waive [sic] any perceived conflict of interest, after an exhaustive interrogation by Judge Buckley, and further testified that they were satisfied with the legal services rendered in their behalf.

[5]. That both criminal cases were concluded to the satisfaction of the defendants.

[6]. That he was not a member of any partnership in this matter.

[7]. Further affiant sayeth not.

At the hearing on Miller's motion for summary judgment, the appellants' counsel did not make any specific objections to exhibits 1 and 3, objected to exhibit 2 on the grounds of relevance and hearsay, and requested additional time to submit an affidavit controverting Miller's affidavit. The district court overruled the appellants' objection to exhibit 2 and granted the appellants 10 days to submit a controverting affidavit.

### 3. Appellants' Affidavit

Washa filed an affidavit with the clerk of the district court for Douglas County on March 18, 1994, that alleged the $10,000 was given to Miller to hold in trust. Although this affidavit is contained within the transcript, Washa never offered it as evidence at the hearing on Miller's motion for summary judgment or had it preserved in, and made a part of, the bill of exceptions. Martin did not file an affidavit in the summary judgment proceeding before us.

The district court for Douglas County sustained Miller's motion for summary judgment and dismissed the appellants' petitions with prejudice, finding that no genuine issue of

material fact was raised by the appellants. Martin and Washa appeal the district court's decision.

## II. ASSIGNMENTS OF ERROR

The appellants assign four errors, which allege in summary that (1) the district court erred in admitting evidence over the objections of the appellants' counsel and (2) the district court erred in sustaining Miller's motion for summary judgment because genuine issues of material fact remain for trial.

## III. STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *C.S.B. Co. v. Isham, ante* p. 66, 541 N.W.2d 392 (1996); *Talle v. Nebraska Dept. of Soc. Servs., ante* p. 20, 541 N.W.2d 30 (1995).

A movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to a judgment if the evidence were uncontroverted at trial. At that point, the burden of producing evidence shifts to the party opposing the motion. *Keefe v. Glasford's Enter.*, 248 Neb. 64, 532 N.W.2d 626 (1995); *Medley v. Davis*, 247 Neb. 611, 529 N.W.2d 58 (1995).

In reviewing an order granting a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Blackbird v. SDB Investments, ante* p. 13, 541 N.W.2d 25 (1995); *Hearon v. May*, 248 Neb. 887, 540 N.W.2d 124 (1995).

## IV. ANALYSIS

### 1. ADMISSION OF EVIDENCE

The appellants first allege the district court erred in admitting evidence, at the hearing on Miller's motion for summary judgment, over the objections of the appellants' counsel. As for exhibits 1 and 3, no specific objections were raised by the

appellants' counsel. To preserve a claimed error in the admission of evidence, a litigant must make a timely objection which specifies the ground of the objection to the offered evidence. *Paulsen v. State, ante* p. 112, 541 N.W.2d 636 (1996). As a result, we conclude the district court did not err in admitting exhibits 1 and 3.

The appellants' counsel timely objected to the admission of exhibit 2, the Counsel for Discipline letter, on the specific grounds of relevance and hearsay. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, or the evidence tends to establish a fact from which the existence or nonexistence of a fact in issue can be directly inferred. *Coppi v. West Am. Ins. Co.*, 247 Neb. 1, 524 N.W.2d 804 (1994); *Moore v. State*, 245 Neb. 735, 515 N.W.2d 423 (1994). We conclude that Carlson's letter (exhibit 2) was irrelevant and improperly admitted into evidence because it did not have the tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without the evidence. See Neb. Rev. Stat. § 27–401 (Reissue 1995).

However, in its order of dismissal, the district court merely stated that "[u]pon consideration of the evidence and arguments of counsel, both oral and written, the Court finds that there is no genuine issue of material fact and that the Defendant is entitled to judgment as a matter of law." Simply put, the letter did not create or negate any issue of fact as to any issue raised. Therefore, any error in admitting the letter was harmless.

## 2. GRANTING SUMMARY JUDGMENT

The appellants next allege that the district court erred in sustaining Miller's motion for summary judgment because genuine issues of material fact remain for trial. Neb. Rev. Stat. § 25–1332 (Reissue 1995) states in pertinent part that a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." This section has been construed to mean that if the moving party submits an affidavit as to a material fact, and that fact is not contradicted by the adverse party, the court will determine that there is no issue as to that fact. *Raskey v. Michelin Tire Corp.*, 223 Neb. 520, 391 N.W.2d 123 (1986).

### (a) Counts I, III, and IV

In the instant case, counts I, III, and IV of the appellants' petitions essentially alleged that the $10,000 was given to Miller in trust to be offered as restitution to the victim of the appellants' crimes. In support of his motion for summary judgment, Miller submitted an affidavit (exhibit 1) alleging that he and the appellants entered into an agreement whereby they would pay him an additional $10,000 after arraignment for conclusion of their case. Miller met the burden of proving his prima facie case in regard to counts I, III, and IV by introducing this affidavit into evidence. In other words, the affidavit, by itself, sustained the district court's necessary factual findings that Miller is entitled to judgment as a matter of law, should the evidence remain uncontroverted on those counts. See, *Keefe v. Glasford's Enter.*, 248 Neb. 64, 532 N.W.2d 626 (1995); *Medley v. Davis*, 247 Neb. 611, 529 N.W.2d 58 (1995).

In an attempt to controvert Miller's affidavit, Washa filed an affidavit on March 18, 1994, that alleged the $10,000 was given to Miller to hold in trust. Although Washa filed this affidavit with the clerk of the district court and it is contained within the transcript, he never offered it as evidence at the hearing on Miller's motion for summary judgment or had it preserved in, and made a part of, the bill of exceptions. The bill of exceptions does not contain an affidavit of Martin.

In *Snyder v. Nelson*, 213 Neb. 605, 606–07, 331 N.W.2d 252, 253 (1983), this court held:

"In order to receive consideration on appeal, any affidavits used on a motion for summary judgment must have been offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. . . . Included within the transcript is an affidavit . . . and a copy of a petition . . . . However, neither of these items was received in

evidence . . . they do not form a part of the bill of exceptions, and under the rule cited above may not be considered on appeal." It has long been the rule that assignments of error requiring an examination of the evidence are not available on appeal in the absence of a bill of exceptions, the bill of exceptions being the only vehicle for bringing evidence to this court. This remains so even though certain evidence has been physically filed in the office of the clerk of the trial court.

Likewise, in *Blanco v. General Motors Acceptance Corp.*, 180 Neb. 365, 371, 143 N.W.2d 257, 261 (1966), this court held:

The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal of a cause to this court. If such an affidavit is not preserved in the bill of exceptions its existence or contents cannot be known by this court.

See, also, *Bulger v. McCourt*, 179 Neb. 316, 138 N.W.2d 18 (1965); *Peterson v. George*, 168 Neb. 571, 96 N.W.2d 627 (1959).

In the instant case, because the appellants' affidavit was not properly preserved in the bill of exceptions, the condition of the record requires us to hold that the appellants failed to contradict Miller's properly preserved affidavit in regard to counts I, III, and IV of the appellants' petitions. As a result, we conclude the trial court was correct in granting Miller's motion for summary judgment on those counts because the appellants failed to raise a genuine issue of material fact. See *Raskey v. Michelin Tire Corp.*, 223 Neb. 520, 391 N.W.2d 123 (1986).

(b) Count II

Count II of the appellants' petitions stated a cause of action, sounding in unjust enrichment, that alleged the $5,000 ($2,500 each) "was not a fair and reasonable price for the services provided by [Miller]." Because the appellants failed to contradict Miller's affidavit that alleged the appellants agreed to pay Miller the $5,000 as a retainer for his legal services, we

conclude, as a matter of law, that such an express contract existed.

The doctrine of unjust enrichment is recognized only in the absence of an agreement between the parties. *Zuger v. North Dakota Ins. Guar. Ass'n*, 494 N.W.2d 135 (N.D. 1992); *Kolentus v. Avco Corp.*, 798 F.2d 949 (7th Cir. 1986), *cert. denied* 479 U.S. 1032, 107 S. Ct. 878, 93 L. Ed. 2d 832 (1987); *Maxted v. Barrett*, 198 Mont. 81, 643 P.2d 1161 (1982). The doctrine does not operate to rescue a party from the consequences of a bad bargain. *George v. Tanner*, 108 Idaho 40, 696 P.2d 891 (1985). In other words, the enrichment of one party at the expense of the other is not unjust where it is permissible under the terms of an express contract. *Kolentus v. Avco Corp., supra*; *S & M Constructors v. Columbus*, 70 Ohio St. 2d 69, 434 N.E.2d 1349 (1982). As a result, we conclude the trial court was correct in granting Miller's motion for summary judgment on count II because the appellants failed to raise a genuine issue of material fact.

## V. CONCLUSION

Because the affidavit submitted by Miller was the only evidence properly preserved in the bill of exceptions, we conclude there is no genuine issue as to any material fact on any of the counts asserted in the appellants' petitions. We therefore affirm the district court's granting of Miller's motion for summary judgment.

Affirmed.