# CACCIAMANI AND ROVER CORPORATION, d/b/a CACCIAMANI AND ROVER ARCHITECTS, Appellant/Plaintiff

## v.

# BANCO POPULAR DE PUERTO RICO and BP SIRENUSA INTERNATIONAL, LLC, Appellees/Defendants

S. Ct. Civil No. 2013-0063

Supreme Court of the Virgin Islands

August 29, 2014

LEE J. ROHN, ESQ., RHEA LAWRENCE, ESQ., Law Offices of Lee J. Rohn and Associates, St. Croix, USVI, *Attorney for Appellant.*

MICHAEL C. QUINN, ESQ., Dudley, Topper and Feuerzeig, LLP, St. Thomas, USVI, *Attorney for Appellees.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(August 29, 2014)

CABRET, *Associate Justice.* Cacciamani and Rover Architects ("CRA") appeals the Superior Court's dismissal of its unjust enrichment claim against Banco Popular de Puerto Rico and BP Sirenusa International, LLC, for allegedly using CRA's architectural plans without paying for them. Because the Superior Court erred in holding that the barred by contract rule precluded CRA's claim, we reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Banco Popular gave Enighed Condominiums, Inc., a first priority mortgage loan to build condominiums on St. John. Enighed then entered into a contract with CRA to provide Enighed with architectural drawings and civil engineering plans to improve the condominium property at a cost of $196,500. In 2009, before paying for the plans, Enighed executed a deed in lieu of foreclosure naming BP Sirenusa SPV, Inc., a Banco Popular subsidiary, as the grantee. This subsidiary later merged into BP Sirenusa International, LLC. CRA then sued Enighed for breach of contract for failing to pay the outstanding contract balance of $78,600 for the plans. The Superior Court dismissed this suit in January 2012 for failure to prosecute.

On October 24, 2012, CRA filed another complaint in the Superior Court, this time against Banco Popular and Sirenusa, alleging that after taking over the project, Sirenusa began using CRA's plans to develop the condominium complex without permission and without paying CRA. CRA asserted that based upon this conduct it was entitled to payment for the plans under a theory of quantum meruit. On January 14, 2013, Banco Popular and Sirenusa moved the Superior Court to dismiss the complaint, arguing that CRA's claim for quantum meruit could not be maintained due to CRA's admission that the plans were created under a contract with Enighed, preventing CRA from bringing a quasi-contract claim because an express contract covered the same subject matter. They also argued that because the Superior Court dismissed CRA's breach of contract claim against Enighed for failure to prosecute, CRA's claims against Banco Popular and Sirenusa were precluded by res judicata. CRA opposed the motion to dismiss asserting that the barred by contract rule did not apply in this case and that the case was not precluded by the previous dismissal. In a July 17, 2013 opinion and order, the Superior Court dismissed CRA's complaint, holding that because the plans were created under a contract between CRA and Enighed, the unjust enrichment claim against Banco Popular and Sirenusa was barred by contract. *Cacciamani & Rover Corp. v. Banco Popular*, Super. Ct. Civ. No. 443/2012 (STT), 2013 V.I. LEXIS 49 (V.I. Super. Ct. 2013) (unpublished). CRA filed a timely notice of appeal on August 15, 2013.

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as

otherwise provided by law." 4 V.I.C. § 32(a). Because the Superior Court's July 17, 2013 order dismissing the complaint with prejudice was a final order within the meaning of section 32, we have jurisdiction over CRA's appeal. *Santiago v. V.I. Housing Auth.*, 57 V.I. 256, 263 (V.I. 2012).

## III. DISCUSSION

CRA argues that the Superior Court erred in holding that the unjust enrichment claim was barred by contract because CRA never entered into a contract with Banco Popular or Sirenusa. CRA also asserts that the dismissal of the suit against Enighed does not preclude this suit because Banco Popular and Sirenusa are not in privity with Enighed. We agree on both counts.

### A. Barred By Contract

■ "A cause of action for quantum meruit, also known as unjust enrichment, will ordinarily lie in a case where the defendant 'receive[s] something of value to which he is not entitled and which he should restore' to the plaintiff." *Walters v. Walters*, 60 V.I. 768, 776 (V.I. 2014) (quoting *Maso v. Morales*, 57 V.I. 627, 635 n.9 (V.I. 2012)); *see also Frank V. Pollara Grp. v. Ocean View Inv. Holding, LLC*, Civ. No. 9-60, 2013 U.S. Dist. LEXIS 4854, *5 (D.V.I. Jan. 10, 2013) (unpublished) ("Quantum meruit is the remedy for a quasi-contract under a theory of unjust enrichment; it is not a free-standing legal theory."). Unjust enrichment is an equitable quasi-contract cause of action, imposing liability where there is no enforceable contract between the parties "but fairness dictates that the plaintiff receive compensation for services provided." *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 747 A.2d 600, 607 (2000) (quoting *Dunnaville v. McCormick & Co.*, 21 F. Supp. 2d 527, 535 (D. Md. 1998)).[2]

---

[2] Although the Superior Court and the parties appear to be under the impression that some version of the Restatement of Restitution applies to this matter through former 1 V.I.C. § 4 (repealed 2004), this Court recently defined the elements of a common law claim for unjust enrichment in the Virgin Islands after conducting the appropriate analysis under *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 979 (V.I. 2011). *Walters*, 60 V.I. at 776; *see also Benjamin v. Coral World V.I., Inc.*, Super. Ct. Civ. No. 294/2013 (STT), 2014 V.I. LEXIS 35, *13 n.38 (V.I. Super. Ct. June 12, 2014) (unpublished) (warning litigants that simply citing the Restatements and other non-binding authorities without any discussion of *Banks* may result

■ Because unjust enrichment is an equitable remedy, it — like all equitable remedies — is inappropriate where a legal remedy is available.[3] *See Mitsubishi Int'l Corp. v. Cardinal Textile Sales*, 14 F.3d 1507, 1518 (11th Cir. 1994) ("It is axiomatic that equitable relief is only available where there is no adequate remedy at law."); *see generally* 1 DAN DOBBS, REMEDIES 750-52, 807-11 (2d ed. 1993). Due to the unavailability of equitable remedies when a legal remedy is available, "[t]he general rule is that no [equitable] quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests," since legal remedies are available to a plaintiff in a breach of contract action. *Cnty. Comm'rs of Caroline Cnty.*, 747 A.2d at 607. This doctrine, known as the "barred by contract rule," is based on "the principle that parties in contractual privity . . . are not entitled to the remedies available under a judicially-imposed quasi contract . . . because the terms of their agreement, express and implied, define their respective rights, duties, and expectations." *Frank V. Pollara Grp.*, 2013 U.S. Dist. LEXIS 4854 at *6 (quoting *Delta Elec. v. Biggs*, Civ. App. No. 2006-0104, 2011 U.S. Dist. LEXIS 107805, *10 (D.V.I. App. Div. 2011)). Accordingly, "[a] claim for unjust enrichment cannot stand where an express contractual agreement exists between the parties." *Batler, Capitel & Schwartz v. Tapanes*, 164 Ill. App. 3d 427, 517 N.E.2d 1216, 1219 (1987); *see also Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 786 (8th Cir. 1996) ("Normally, when an express contract exists between the parties, unjust enrichment is not available as a means of recovery.").

---

in sanctions) (citing V.I. RULES OF PROF'L CONDUCT R. 211.31). In *Walters*, we held that in order to recover for unjust enrichment, a plaintiff must prove "(1) that the defendant was enriched, (2) that such enrichment was at the plaintiff's expense, (3) that the defendant had appreciation or knowledge of the benefit, and (4) that the circumstances were such that in equity or good conscience the defendant should return the money or property to the plaintiff." *Walters*, 60 V.I. at 776. Despite Banco Popular and Sirenusa's arguments on appeal that CRA's complaint fails to plead the required elements of unjust enrichment, they never made this argument in their motion to dismiss. Because they raise this argument for the first time on appeal, it is waived. V.I.S.CT.R. 4(h), 22(m).

[3] The distinction between equitable and legal remedies at common law derives from the division between courts of law and courts of equity in ancient England. Despite the fact that the Superior Court of the Virgin Islands — like almost all modern American courts — exercises both equitable and legal authority, the division between law and equity remains meaningful to defining the remedies available in a particular action. *Tutein v. Arteaga*, 60 V.I. 709, 716 n.4 (V.I. 2014) (recognizing that the Superior Court exercises the same authority as English courts "having historic chancery or equity jurisdiction").

██ While this Court has never addressed whether the barred by contract rule applies to unjust enrichment claims in the Virgin Islands, courts applying Virgin Islands law invoked it in *Frank V. Pollara Group* and *Biggs*; it "has been followed universally in both federal and state courts," *County Commissioners of Caroline County*, 747 A.2d at 607-08 (collecting cases);[4] and we can easily conclude that it is the soundest common law rule for the Territory. *See Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 757 (V.I. 2014) (when addressing an issue of common law for the first time, this Court must determine the soundest rule for the Territory after examining the rule previously applied in the Virgin Islands and the rule adopted at common law in other jurisdictions). It is clearly the sounder rule to hold the parties to a contract to the terms of their agreement and the legal remedies provided for a breach of those terms, and to reserve quasi-contract claims and other equitable remedies — such as unjust enrichment — for those instances where there is no contract and other legal remedies are unavailable. *Cnty. Comm'rs of Caroline Cnty.*, 747 A.2d at 607 ("The reason for this rule is not difficult to discern. When parties enter into a contract they assume certain risks with an expectation of a return."). "This rule holds the contracting parties to their agreement and prevents a party who made a bad business decision from asking the court to restore his expectations," and we agree that "[t]o hold otherwise would turn the basic foundation of contract law on its ear." *Id.* at 610; *see also Batler, Capitel & Schwartz*, 517 N.E.2d at 1219 ("Parties entering into a contract assume certain risks with the expectation of a beneficial return; however, when such expectations are not realized, they may not turn to a quasi-contract theory for recovery.").

 While it is clear that the barred by contract rule is the soundest rule, it is equally clear that it does not apply here. Although CRA

---

[4] *See, e.g., MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 964 (2d Cir. 1998); *Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1413 (11th Cir. 1998); *Member Servs. Life Ins. Co. v. Am. Nat'l Bank & Trust Co. of Sapulpa*, 130 F.3d 950, 957 (10th Cir. 1997); *Paracor Fin., Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 786 (8th Cir. 1996); *Gadsby v. Norwalk Furniture Corp.*, 71 F.3d 1324, 1333 (7th Cir. 1995); *Rossdeutscher v. Viacom, Inc.*, 768 A.2d 8, 23-24 (Del. 2001); *Regional Pacesetters, Inc. v. Halpern Enter., Inc.*, 165 Ga. App. 777, 300 S.E.2d 180, 185 (1983); *Batler, Capitel & Schwartz v. Tapanes*, 164 Ill. App. 3d 427, 517 N.E.2d 1216, 1219 (1987); *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 729 N.W.2d 898, 903-04 (2006); *Washa v. Miller*, 249 Neb. 941, 546 N.W.2d 813, 818-19 (1996); *Ashby v. Ashby*, 2010 UT 7, 227 P.3d 246, 250-51 (2010).

conceded that it had a contract with Enighed for the architectural plans, Banco Popular and Sirenusa were not parties to that contract. Applying the barred by contract rule in such a situation — where a contract exists covering the same subject matter, but not between the parties to the suit — would not serve the objective of holding the parties to the terms of their contractual agreements. Instead, by invoking the barred by contract rule in this case, the Superior Court foreclosed all remedies available to CRA to recover the full amount that Enighed agreed to pay for the plans, while Banco Popular and Sirenusa will continue to realize the full benefit of CRA's work in completing the condominium project. This situation is the very purpose of an unjust enrichment action: "an action initiated by a plaintiff to recover payment for labor performed in a variety of circumstances in which that plaintiff, for some reason, would not be able to sue on an express contract." *Ashby v. Ashby*, 2010 UT 7, 227 P.3d 246, 250 (2010).

■ And although Banco Popular and Sirenusa cite a multitude of cases they contend support applying the barred by contract rule here, every case cited involves an express contract between the two parties to the suit. *See, e.g., Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 226-27 (3d Cir. 1983); *Ashby*, 227 P.3d at 250-51; *Cnty. Comm'rs of Caroline Cnty.*, 747 A.2d at 609-10. Further, the single case relied on by the Superior Court does not support its holding that the contract between CRA and Enighed bars an unjust enrichment claim against two defendants that were not parties to that contract. *See Diversified Carting, Inc. v. City of New York*, Civ. No. 04-9507, 2006 U.S. Dist. LEXIS 1701, *14 (S.D.N.Y. 2006) (unpublished) (rejecting an unjust enrichment claim against the United States because "[t]he Tucker Act, which . . . allow[s] contract claims against the United States, has long been interpreted to exclude jurisdiction over claims based on contracts implied in law"). In fact, we can find no authority applying the barred by contract rule in the manner the Superior Court did, and even if such authority existed, there is no question that applying the barred by contract rule in this case would make little sense given the rule's purpose and the function of an equitable claim for unjust enrichment to "imply a contract in order to prevent [injustice] when one party inequitably receives and retains a benefit from another." *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 729 N.W.2d 898, 903-04 (2006) (allowing an unjust enrichment claim to proceed where "there existed express contracts between plaintiffs and [a

non-party to the suit]" but "defendant was not a party to any of these express contracts"); *see also Frank V. Pollara Grp.*, 2013 U.S. Dist. LEXIS 4854 at *12 (refusing to apply the barred by contract rule to an unjust enrichment claim brought against defendants who were not parties to an existing service contract). Therefore, the Superior Court erred in holding that CRA's unjust enrichment claim was barred by CRA's contract with Enighed, to which Banco Popular and Sirenusa were not parties.

## B. Res Judicata

Banco Popular and Sirenusa alternatively assert that we should affirm the Superior Court because CRA's breach of contract claim against Enighed was dismissed for failure to prosecute. The Superior Court did not address this argument, instead ruling only on the barred by contract argument, but we nevertheless address this issue as part of this appeal in the interests of judicial economy since this issue will likely recur on remand. *Malloy v. Reyes*, 61 V.I. 163, 181 (V.I. 2014).

While it is true that "involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001), res judicata "require[s] that (1) the prior judgment was valid, final, and on the merits; (2) the parties in the subsequent action are identical to or in privity with the parties in the prior action; and (3) the claims in the subsequent action arise out of the same transaction or occurrence as the prior claims." *Smith v. Turnbull*, 54 V.I. 369, 375 (V.I. 2010). Banco Popular and Sirenusa are not identical to Enighed, the defendant in the previous suit, nor have Banco Popular and Sirenusa asserted that they are in privity with Enighed. So even if the dismissal of CRA's suit against Enighed barred CRA from filing another claim against Enighed, it does not preclude CRA's unjust enrichment claim against Banco Popular or Sirenusa.[5]

---

[5] CRA also argues that the Superior Court was required to give it leave to amend before dismissing its complaint, even though CRA did not move to amend the unjust enrichment claim after Banco Popular and Sirenusa filed their motion to dismiss. Although CRA cites a number of federal cases holding that a federal district court must *sua sponte* give leave to amend before dismissing a complaint under Federal Rule of Civil Procedure 15, amendments in the Superior Court are governed by Superior Court Rule 8 to the exclusion of Rule 15.

## IV. CONCLUSION

The Superior Court erred in holding that CRA's unjust enrichment claim against Banco Popular and Sirenusa was barred by the contract between CRA and Enighed because the barred by contract rule does not apply when the opposing parties to an unjust enrichment claim are not parties to an express contract. Furthermore, CRA's unjust enrichment claim is not barred by res judicata due to the prior dismissal of its breach of contract claim against Enighed. Therefore, the Superior Court erred in dismissing CRA's complaint, and we reverse the Superior Court's July 17, 2013 order and remand for further proceedings.

---

*Santiago*, 57 V.I. at 275 n.11 ("Superior Court Rule 8, and not Federal Rule of Civil Procedure 15, should govern amendments to complaints."). And while "a party must be afforded notice and an opportunity to amend or otherwise respond before [the Superior Court] may *sua sponte* dismiss a complaint," *In re Reynolds*, 60 V.I. 330, 336 (V.I. 2013) (internal quotation marks and citation omitted), the Superior Court dismissed CRA's complaint after ruling on the application of the barred by contract rule, an issue squarely raised in Banco Popular and Sirenusa's motion to dismiss. Furthermore, because CRA conceded that it had a contract with Enighed, if the Superior Court had been correct in applying the barred by contract rule, any further amendment would have been futile. *St. Croix, Ltd. v. Shell Oil Co.*, 60 V.I. 468, 478 n.4 (V.I. 2014) (the Superior Court is not required to allow a futile amendment). Therefore, we do not consider here whether the Superior Court must *sua sponte* grant leave to amend a complaint before dismissing it on a ground squarely raised in a defendant's motion to dismiss.