

**FILED**

June 24, 2020

TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

LEGACY VENTURE WEST DEVELOPMENT,  )
LLC, D/B/A LEGACY DEVELOPMENT,     )
                                )    CASE NO. ST-17-CV-93
           Plaintiff,      )
    v.                      )
                                )
THE SUMMER'S END GROUP, LLC,     )
                                )
         Defendant.     )
_____)

Cite as 2020 VI Super 70U

## MEMORANDUM OPINION

¶1     **THIS MATTER** is before the Court on Defendant's Legacy Venture West Development, LLC, D/B/A Legacy Development ("Legacy") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to V.I. R. CIV. P. 12(b)(6) ("motion to dismiss"), filed January 16, 2018. The motion is fully briefed.

## BACKGROUND

¶2     The original complaint was filed February 13, 2017. *See* (Compl. 9, Feb. 13, 2017). The Summer's End Group, LLC ("SEG") filed a motion to dismiss June 5, 2017. *See* (Mot. Dismiss 14, June 5, 2017). In response, Legacy filed a motion for leave to file an amended complaint.[1] *See* (Mot. Leave File First Am. Compl., July 7, 2017). Then, SEG filed an opposition to Legacy's motion to amend complaint. *See* (Def.'s Opp'n Pl.'s Mot. Am. Compl., Aug. 25, 2017).

---

[1] Legacy also filed an opposition to SEG's motion to dismiss. *See* (Opp'n Mot. Dismiss, July 7, 2017).

¶3    In light of Legacy's efforts to cure the deficiencies asserted by SEG, the Court allowed Legacy to file an amended complaint. *See* (Order 1, Jan. 2, 2018). The Court did not provide a substantive analysis of the motion, nor did the Court deny SEG's motion to dismiss since it appeared the proposed amended complaint would resolve some, if not all, of SEG's arguments. *See Id.* Legacy filed the amended complaint and SEG filed a new motion to dismiss, which is the subject motion before the Court. *See* (First Am. Compl. 16, Jan. 3, 2018); (Def.'s Mot. Dismiss Pl.'s First Am. Compl. Pursuant V.I. R. Civ. P. 12(b)(6) 14, Jan. 16, 2018) [hereinafter (Mot. Dismiss)].

## FACTS

¶4    According, to the First Amended Complaint, SEG "was the developer of a proposed marina project located in Coral Bay, St. John . . . . referred to as 'The Yacht Club at Summer's End." First Am. Compl. ¶¶ 5-6. At some point, SEG apparently "lacked the funds to continue the Project[]." *Id.* ¶ 8. "In August 2014, in an effort to raise additional capital and continue the development of the Project, SEG contacted Legacy to discuss its potential involvement in the Project" and "Legacy representatives agreed to look at the Project to determine whether to make an investment." *Id.* ¶¶ 9-10. "Legacy[] representatives proceeded to conduct a detailed due diligence review of the Project's permits, financials, Entitlements and Plans." *Id.* ¶ 10. According to Legacy, after a site visit of the Project in St. John, "SEG and Legacy exchanged communications outlining the type and scope of the investment Legacy

would provide to SEG and the equity ownership interest Legacy would take in the venture to partner with SEG for the development of the Project." *See id.* ¶¶ 11-12.

¶5      Legacy further alleges it contributed financial capital and other services between at least June 2015 and September 2016, while Legacy and SEG discussed finalizing a partnership agreement." *See id.* ¶¶ 15-35. Legacy alleges that by July 2016, it had "invested over $600,000 in capital contributions." *Id.* ¶ 32. A substantially non-binding Letter of Intent ("LOI") was executed by SEG "on May 2, 2016, setting out the proposed terms of the Joint Venture." *Id.* ¶¶ 29-30. In late 2016, Legacy and SEG "continued to negotiate the terms of the joint venture/partnership agreement and exchanged various drafts of letters of intent with multiple revisions per draft." *Id.* ¶ 35.

¶6      "In . . . January 2017, . . . SEG informed Legacy that [SEG] had begun conversations with another potential partners [sic] and were going to vet that opportunity before completing any agreement with Legacy." *Id.* ¶ 38. Legacy claims that SEG is using Legacy's financial contributions and services to attract a better joint venture deal with another partner. *See id.* ¶¶ 39-41. Legacy also claims that if SEG is successful in securing another partner, "SEG intends to treat Legacy's financial contributions to the Project and the Joint Venture as mere debt obligations of SEG, which may or may not be repayable, and not to provide any compensation to Legacy for its substantial contributions of time and expertise." *Id.* ¶ 42.

¶7     Legacy asserts claims for declaratory judgment and injunctive relief and asks the Court to: 1) declare that a partnership was formed "and that the Plans and Entitlements are partnership property," 2) enter judgment that the parties had a joint venture, 3) declare the joint venture dissolved and 4) enter "injunctive relief prohibiting SEG from negotiating alternative joint ventures for the Project." *Id.* at 15-16. Legacy also seeks damages for breach of contract, unjust enrichment, quantum meruit, breach of duty of loyalty, breach of good faith and fair dealing and breach of partnership agreement. *Id.*

## ANALYSIS

¶8     SEG moves to dismiss pursuant to Virgin Islands Rules of Civil Procedure 12(b)(6), which states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . failure to state a claim upon which relief can be granted." V.I. R. CIV. P. 12(b)(6). "[T]he Virgin Islands 'is a notice pleading jurisdiction,'" and a plaintiff must meet the notice pleading standard in V.I. R. CIV. P. 8(a)(2) to overcome a 12(b)(6) motion. *See Mills-Williams v. Mapp*, 67 V.I. 574, 585-86 (V.I. 2017) (citations omitted) (explaining that V.I. R. CIV. P. 8(a)(2) eliminated the plausibility standard); *Brathwaite v. H.D.V.I. Holding Co.*, Case No. ST-16-CV-764, 2017 V.I. LEXIS 76, at *2-*3 (V.I. Super. Ct. May 24, 2017) (unpublished) (same).

Under a notice pleading regime a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* V.I. R. CIV. P. 8(a)(2).

¶9    SEG's motion to dismiss argues that Legacy's first amended complaint fails to properly allege the existence of a partnership and "admits to the existence of facts which establish that no partnership could have existed as a matter of law." *See* (Mot. Dismiss 10-13). SEG further contends that Legacy's amended complaint alleges that the parties discussed creating a partnership, but never entered into an agreement. *See id.*

¶10   Legacy argues that SEG's motion to dismiss should be denied because the Court already denied the same arguments in "SEG's opposition to Legacy's motion to amend complaint" on futility grounds. *See* (Opp'n Mot. Dismiss First Am. Compl. 2-3, Feb. 5, 2018) [hereinafter (Opp'n Mot. Dismiss)]. Legacy quotes the Supreme Court of the Virgin Islands in *Mills-Williams v. Mapp*, stating "[t]he standard for assessing a motion to amend challenged on futility grounds matches the standard for a motion to dismiss." *See id.* at 1 (alteration in original) (quoting *Mills-Williams*, 67 V.I. at 583). Legacy contends that when the Court granted Legacy's motion to amend, the "Court [had] already tested whether the First Amended Complaint could survive dismissal, determined it would and thus, allowed the amendment. Such a decision constitutes the law-of-the-case." *Id.* at 3. Legacy uses *V.I. Taxi Ass'n v. V.I. Port Authority*, 67 V.I. 643 (V.I. 2017), to explain that "the law-of-the-case[ ] doctrine dictates that 'when a court decides upon a rule of law, that rule should continue to

Legacy Venture W. Dev., LLC v. The Summer's End Grp., LLC
Case No. ST-17-CV-93
Memorandum Opinion          Cite as 2020 VI Super 70U
Page 6 of 12

govern the same issue in subsequent stages in the litigation.'" *See id.* 2 (quoting *V.I. Taxi Ass'n*, 67 V.I. at 668). However, *V.I. Taxi Ass'n* also states that "a litigant cannot invoke the law-of-the-case doctrine to preclude a trial judge from reconsidering his or her own ruling." *V.I. Taxi Ass'n*, 67 V.I. at 671.

¶11    The Court did not analyze the motion to amend nor SEG's futility argument, nor did the Court deny SEG's motion to dismiss. *See* (Order 1, Jan. 2, 2018). The Court simply stated that the amended complaint appeared to resolve some of SEG's arguments, granted the motion to amend and directed SEG to file a response to the amended complaint. *See id.* Nevertheless, the Court finds that even if the law-of-the-case doctrine was invoked by the Court's decision to allow Legacy to amend its complaint, the Court is not bound by this decision and may decide whether Legacy's first amended complaint survives SEG's motion to dismiss.

¶12    Legacy's allegations convey that while the specific terms of a partnership agreement were in negotiation, actions pertaining to a partnership were occurring simultaneously. *See* (First Am. Compl. ¶¶ 12, 15-35). Neither a signed writing, nor the intention to form a partnership, is required to prove a partnership. *See* V.I. CODE ANN. tit. 26, § 2(7) (stating that a partnership agreement can be "written, oral[] or implied"); 26 V.I.C. § 22(a) ("the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership"); (Opp'n Mot. Dismiss 8). However, "the parties must 'inten[d] to do things that constitute a partnership.'" *Yusuf v. Hamed*, 59 V.I. 841, 850 (V.I.

2013) (alteration in original) (quoting *Redland v. Redland*, 288 P.3d 1173, 1213 (Wyo. 2012)) (citing *Brown v. 1401 New York Ave., Inc.*, 25 A.3d 912, 913-14 (D.C. 2011)). As Legacy argues, "[n]o single factor is determinative as to whether a partnership does or does not exist." (Opp'n Mot. Dismiss 8) (citing *Yusuf*, 59 V.I. at 850). Legacy's allegations as set forth in the first amended complaint are sufficient to show a partnership may have formed. Accordingly, it would be improper for the Court to decide on a motion to dismiss whether a partnership was created while the terms of such partnership were in negotiation. *See Oxley v. Sugar Bay Club & Resort Corp.*, Civil No. ST-18-CV-96, 2018 V.I. LEXIS 81, at *3 (V.I. Super. Ct. May 14, 2018) (citing *Hans Lollik Corp. v. Gov't of the V.I.*, 17 V.I. 220, 230 (V.I. Super. Ct. 1981)) (on a 12(b)(6) motion, "the Court does not address the merits of the claim but merely tests whether the claim has been adequately stated in the pleading"); (First Am. Compl. ¶¶ 12, 30, 35); (Mot. Dismiss 10-13).

¶13     SEG contends that no agreement to share profits and losses was established between SEG and Legacy. (Mot. Dismiss 8-10**).** However, facts alleged by Legacy, such as a conversation between Legacy and SEG regarding "the equity ownership interest Legacy would take in the" Project, suggest the possibility of shared profits. *See* (First Am. Compl. ¶ 12). Similarly, in conjunction with facts that allege discussions of a partnership, *e.g.*, "on January 20, 2015, [SEG] exchanged emails with [Legacy] regarding the parties' intentions for Legacy to partner and take an ownership interest", Legacy's allegation that it "invested over $600,000 in capital

contributions" and "substantial time and expertise" shows the possibility that Legacy risked loss if the Project was not successful, especially if Legacy was unable to recuperate its investment. *See id.* ¶ 13, 15, 32.

¶14   SEG further argues that since Legacy did not establish there was a partnership, and Legacy's claims for declaratory judgment, breach of contract, breach of duty of loyalty, breach of good faith and fair dealing, breach of partnership agreement and dissolution of the partnership are all contingent on a partnership, these claims must be dismissed. *See* (Mot. Dismiss 13-14); (Def.'s Reply Pl.'s Opp'n Mot. Dismiss First Am. Compl. Pursuant V.I. R. CIV. P. 12(b)(6) 6, Feb. 12, 2018). Conversely, Legacy argues that its complaint does establish a partnership, and therefore, these claims should not be dismissed. *See* (Opp'n Mot. Dismiss 7, 10-11, 13). The Court finds the First Amended Complaint alleges sufficient facts to satisfy the notice pleading standard of a claim for a partnership. Therefore, the Court must deny the motion to dismiss the above-mentioned claims, which are contingent on a partnership. *See* 26 V.I.C. §§ 4(a), 4(b)(3), 4(b)(5), 4(b)(8), 74(b), 74(d), 75(b)(iii), 171(5); *3RC & Co. v. Boynes Trucking Sys.*, Case No. ST-14-CV-624, 2018 V.I. LEXIS 62, at *21-22 (V.I. Super. Ct. May 31, 2018) (unpublished) ("Defendants' only argument regarding Counts II and IV is that they fail because of the absence of a joint venture . . . . Since the [c]ourt will not determine [that] issue[] here, summary judgment must be denied as to" those claims); (Mot. Dismiss 13-14); (Opp'n Mot. Dismiss 10).

¶15    However, not all of Legacy's claims are dependent on proof of a partnership. In the absence of a partnership or contract, a party may prevail on a claim of unjust enrichment. *See Cacciamani & Rover Corp. v. Banco Popular de Puerto Rico*, 61 V.I. 247, 251-52 (V.I. 2014) (citation omitted) (citing *Mitsubishi Int'l Corp. v. Cardinal Textile Sales*, 14 F.3d 1507, 1518 (11th Cir. 1994)) ("Because unjust enrichment is an equitable remedy, it . . . is inappropriate where a legal remedy is available"); *see also Speelmon v. Tucker*, Case No. C16-1526-JCC, 2018 U.S. Dist. LEXIS 176222, at *8 (W.D. Wash. Oct. 11, 2018) (unpublished) ("Because the [c]ourt finds there was a partnership, Plaintiff's quantum meruit and unjust enrichment claims fail as a matter of law").

¶16    As a preliminary matter, Legacy argues in its opposition to motion to dismiss that "unjust enrichment and . . . [quantum meruit] are not the same cause of action." *See* (Mot. Dismiss 14). Legacy uses the V.I. Supreme Court case *Vanterpool v. Gov't of the V.I.*, 63 V.I. 563 (V.I. 2015), to support this assertion. *See* (Opp'n Mot. Dismiss 11-12) (citing *Vanterpool*, 63 V.I. at 590). However, Legacy is mistaken. The *Vanterpool* opinion specifically states that "[a]s [the V.I. Supreme Court has] previously explained, the terms 'quantum meruit' and 'unjust enrichment' refer to the same cause of action, which is available where there is no enforceable contract." *Vanterpool*, 63 V.I. at 589 n.16 (citing *Walters v. Walters*, 60 V.I. 768, 776 (V.I. 2014); *Cacciamani & Rover Corp. v. Banco Popular de Puerto Rico*, 61 V.I. 247, 251-52 (V.I. 2014)). In *In re Change of Name of Reynolds*, 60 V.I. 330, 336 (V.I. 2013), the V.I.

Supreme Court stated that "a party must be 'afforded notice and an opportunity to amend … or otherwise respond' before a trial court may sua sponte dismiss a complaint that fails to state a cause of action". *In re Change of Name of Reynolds*, 60 V.I. at 336 (citing *Martinez-Rivera v. Ramos*, 498 F.3d 3, 7 (1st Cir. 2007)). Although this rule refers to dismissing a complaint, the Court finds the rule instructive when facing the possibility of dismissing a claim sua sponte. Therefore, Legacy must determine whether it wishes to pursue its claim for unjust enrichment or its claim for quantum meruit since they are identical. The Court will give Legacy an opportunity to make its selection.

¶17    Legacy argues that if the Court finds there is no agreement between the parties, Legacy is still entitled to payment for services rendered. *See* (Opp'n Mot. Dismiss 12). SEG counters that Legacy is not entitled to payment for "due diligence and the efforts [Legacy] rendered in investigating and considering a partnership." (Mot. Dismiss 14). Additionally, SEG argues that "[t]o the extent [Legacy] can seek repayment of monies, as with its breach of contract claims, [Legacy] needs to articulate what the terms of any loan was, and how SEG . . . breach[ed] . . . those terms." *Id*. These are merit arguments that the Court need not address on a motion to dismiss. *Oxley*, 2018 V.I. LEXIS 81, at *3 (citing *Hans Lollik Corp.*, 17 V.I. at 230). "[H]owever, . . . as a legal matter, if it is found that a joint venture and contract existed then the unjust enrichment claim necessarily must fail." *3RC & Co.*, 2018 V.I. LEXIS 62, at *22-23 (citation omitted).

¶18    SEG argues that "'injunctive relief' is a form of relief, not a cause of action." (Mot. Dismiss 14) (citing *Alleyne v. Diageo USVI, Inc.*, 63 V.I. 384, 418-19 (V.I. Super. Ct. 2015)). The Court agrees. Consequently, SEG's motion to dismiss regarding Legacy's injunctive relief claim will be granted.

## CONCLUSION

¶19    The Court finds that Legacy has provided "a short and plain statement of the claim showing that the pleader is entitled to relief" regarding its declaratory judgment claim. *See* V.I. R. CIV. P. 8(a)(2). Further, since Legacy's breach of contract, breach of duty of loyalty, breach of good faith and fair dealing, breach of partnership agreement and dissolution of the partnership claims are contingent upon the existence of a partnership and Legacy's complaint makes sufficient allegations to assert same, the Court must allow Legacy to pursue those claims. Additionally, the Court will allow Legacy to amend the first amended complaint to delete the claim for quantum meruit or the claim for unjust enrichment. Moreover, the Court declines to dismiss Legacy's unjust enrichment or quantum meruit claim because if Legacy is not able to prove that a partnership was established, Legacy is entitled to prove its quasi-contract claim. Finally, the Court will  dismiss Legacy's injunctive relief claim because injunctive relief "is a remedy and not a cause of action." *Alleyne*, 63 V.I. at 418. Therefore, SEG's motion to dismiss will be denied in part and granted in part.

An order will accompany this opinion.


DATED:  June 24, 2020

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY:

**DONNA D. DONOVAN**
Court Clerk Supervisor _____6/24/2020_____

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands